UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALAN HOLMES,

                        Plaintiff,

v.                                                    3:23-CV-1459
                                                            (TJM/ML)
OXFORD CITY POLICE DEP'T; ADAM
FRANCIS, Oxford Chief of Police; JASON
SHERMAN, Oxford Police Officer;
ABIGAIL ROBERTS, Trooper; and
JENNIFER LEE, Trooper,

                        Defendants.
_____

APPEARANCES:                                       OF COUNSEL:

Alan Holmes
  *Pro Se* Plaintiff
Mohawk Correctional Facility
Walsh Regional Medical Unit
6514 Route 26
Post Office Box 8451
Rome, New York 13442

MIROSLAV LOVRIC, United States Magistrate Judge

## REPORT and RECOMMENDATION

**I.    BACKGROUND**

      Plaintiff Alan Holmes ("Plaintiff"), who is proceeding *pro se*, has commenced this action against the Oxford City Police Department, Adam Francis, Jason Sherman, Abigail Roberts, and Jennifer Lee (collectively "Defendants"). (Dkt. No. 1.) Despite ample notice of the requirement that he either pay a statutory filing fee or submit a properly supported application for leave to proceed *in forma pauperis*, Plaintiff has failed to do either. For the reasons set forth below, I recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed.

## II.     INTRODUCTION

Plaintiff commenced this civil rights action *pro se* on November 21, 2023, asserting claims against Defendants.  (Dkt. No. 1.)  On November 29, 2023, the undersigned issued an order to show cause directing the Tioga County Sheriff to submit a letter indicating whether a jail official signed and certified Plaintiff's *in forma pauperis* ("IFP") application and noting that the handwriting in the certification portion appeared suspiciously similar to the handwriting in the Complaint and other portion of the IFP application.  (Dkt. No. 4.)  On December 13, 2023, the Tioga County Sheriff, Gary Howard, filed a letter in response to the Court's order to show cause.  (Dkt. No. 5.)  Mr. Howard stated that "a Tioga County Jail official did not sign the application." (*Id*.)

On December 15, 2023, the undersigned denied Plaintiff's IFP application because Plaintiff failed to submit either his inmate account statements or a certificate signed by an appropriate official attesting to Plaintiff's inmate account balance.  (Dkt. No. 6.)  The undersigned directed Plaintiff to, within thirty days, either (1) pay the filing fee in full, or (2) submit (a) an affidavit explaining the discrepancies and why the Court should permit him to proceed with this action, and (b) certified copies of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the Complaint.  (*Id*.)  Plaintiff was cautioned that failure to timely comply would result in a recommendation to the assigned District Judge that the action be dismissed.  (*Id*. at 3.)

On December 28, 2023, Plaintiff submitted a first amended IFP application and inmate authorization form.  (Dkt. Nos. 7, 8.)  On January 2, 2024, the undersigned denied Plaintiff's first amended IFP application.  (Dkt. No. 9.)  The undersigned noted that the first amended IFP

2

application did not comply with the Court's Decision and Order dated December 15, 2023, because it failed to include (1) copies of Plaintiff's inmate account statements that reflect the balance of his account for the six-month period preceding the filing of this action, and (2) an affidavit explaining the discrepancies noted. (*Id*.) The Court noted that if Plaintiff wished to proceed in this action, "he shall, within 30 days . . . , submit 'a certified copy of [his] trust fund account statement or institutional equivalent . . . for the 6-month period immediately preceding the filing of the complaint' . . . and an affidavit as described in Order" at Dkt. No. 6. (*Id*.)

On February 5, 2024, Plaintiff filed a second amended IFP application. (Dkt. No. 12.) On February 6, 2024, the undersigned denied Plaintiff's second amended IFP application. (Dkt. No. 13.) The undersigned noted that the second amended IFP application was deficient because it failed to include (1) copies of Plaintiff's inmate account statements that reflect the balance of his account for the six-month period preceding the filing of this action, and (2) an affidavit explaining the discrepancies noted. (*Id*.) The Court noted that if Plaintiff wished to proceed in this action, "he shall, within 30 days . . . , submit 'a certified copy of [his] trust fund account statement or institutional equivalent . . . for the 6-month period immediately preceding the filing of the complaint' . . . and an affidavit as described in Order" at Dkt. No. 6. (*Id*.)

On March 8, 2024, the undersigned noted that Plaintiff failed to comply with Orders dated December 15, 2023, January 2, 2024, and February 6, 2024. (Dkt. No. 14 [citing Dkt. Nos. 6, 9, 13].) Plaintiff was cautioned that "**FAILURE TO COMPLY WITH COURT ORDERS OR FAILURE TO PURSUE THIS LITIGATION MAY RESULT IN SANCTIONS BEING IMPOSED PURSUANT TO FED. R. CIV. P. 37 & 41, INCLUDING DISMISSAL OF THE CASE.**" (Dkt. No. 14.) Plaintiff was directed to comply on or before March 18, 2024. (*Id*.)

On March 12, 2024, Plaintiff filed a third amended IFP application. (Dkt. No. 15.) On March 15, 2024, the undersigned denied Plaintiff's third amended IFP application. (Dkt. No. 16.) The undersigned noted that Plaintiff's third amended IFP application was deficient because, among other things, (1) page 1 of the application was missing, and (2) it failed to comply with the Court's Decision and Order dated December 15, 2023. (*Id*.) Plaintiff was directed to, on or before April 15, 2024, pay the filing fee in full or submit a fully completed IFP application with a certified copy of his inmate account for the 6-month period immediately preceding the filing of the complaint. (*Id*.) Plaintiff was cautioned that "**FAILURE TO COMPLY WITH COURT ORDERS OR FAILURE TO PURSUE THIS LITIGATION MAY RESULT IN SANCTIONS BEING IMPOSED PURSUANT TO FED. R. CIV. P. 37 & 41, INCLUDING DISMISSAL OF THE CASE**." (*Id*.)

On March 20, 2024, Plaintiff filed a letter motion requesting an extension of time to comply and seeking the appointment of counsel. (Dkt. No. 17.) On March 22, 2024, the undersigned denied Plaintiff's motion for appointment of counsel and granted Plaintiff's motion for an extension of time until May 15, 2024. (Dkt. No. 18.)

On April 15, 2024, Plaintiff filed an inmate account statement, which reflected Plaintiff's inmate account balance from March 1, 2024, until March 29, 2024, at Ulster Correctional Facility. (Dkt. No. 20.)

On May 30, 2024, the Court *sua sponte* granted Plaintiff until June 28, 2024, to either (1) pay the filing fee of $405 in full, or (2) comply with the directives set forth in the Court's Decision and Order dated December 15, 2023. (Dkt. No. 21.) Plaintiff was cautioned that failure to fully comply with this order would result in the issuance of a Report and Recommendation to the assigned District Judge that this matter be dismissed. (*Id*.)

On July 3, 2024, the undersigned *sua sponte* granted Plaintiff until August 16, 2024, to either (1) pay the filing fee of $405 in full, or (2) comply with the directives set forth in the Court's Decision and Order dated December 15, 2023. (Dkt. No. 22.) Plaintiff was cautioned that failure to fully comply with this order would result in the issuance of a Report and Recommendation to the assigned District Judge that this matter be dismissed. (*Id*.) In addition, Plaintiff was cautioned that "**FAILURE TO COMPLY WITH COURT ORDERS OR FAILURE TO PURSUE THIS LITIGATION MAY RESULT IN SANCTIONS BEING IMPOSED PURSUANT TO FED. R. CIV. P. 37 & 41, INCLUDING DISMISSAL OF THE CASE.**" (*Id*.)

On August 2, 2024, Plaintiff filed a fourth amended IFP application and inmate authorization form. (Dkt. Nos. 23, 24.) On August 5, 2024, the undersigned denied Plaintiff's fourth amended IFP application as incomplete because it failed to answer all questions set forth on the application. (Dkt. No. 25.) For example, Plaintiff failed to complete all relevant portions of question 1 on the application. (Dkt. No. 23 at ¶ 1.) In addition, the undersigned noted that (1) the address on the docket did not match the address on the envelope containing Plaintiff's fourth amended IFP application, and (2) Plaintiff failed to comply with the Court's Decision and Order dated December 15, 2023. (Dkt. No. 25.) The Court cautioned Plaintiff that "**FAILURE TO FULLY COMPLY WITH THIS ORDER WILL RESULT IN THE ISSUANCE OF A REPORT AND RECOMMENDATION TO THE ASSIGNED DISTRICT JUDGE THAT THIS MATTER BE DISMISSED. PLAINTIFF IS ALSO ADVISED THAT FAILURE TO COMPLY WITH COURT ORDERS OR FAILURE TO KEEP HIS ADDRESS UPDATED WITH THE COURT OR FAILIURE TO PURSUE THIS LITIGATION MAY RESULT**

**IN SANCTIONS BEING IMPOSED PURSUANT TO FED. R. CIV. P. 37 & 41, INCLUDING DISMISSAL OF THE CASE.**" (*Id.*)

On September 5, 2024, the Court's Order of August 5, 2024, was returned as undeliverable. (Dkt. No. 26.)

On September 10, 2024, the undersigned directed Plaintiff to show cause in writing on or before October 10, 2024, why this case should not be dismissed because of Plaintiff's failure to comply with the Court's Decision and Order of December 15, 2023, and Text order of August 5, 2024. (Dkt. No. 27.) Plaintiff was cautioned that "**FAILURE TO FULLY COMPLY WITH THIS ORDER WILL RESULT IN THE ISSUANCE OF A REPORT AND RECOMMENDATION TO THE ASSIGNED DISTRICT JUDGE THAT THIS MATTER BE DISMISSED. PLAINTIFF IS ALSO ADVISED THAT FAILURE TO COMPLY WITH COURT ORDERS OR FAILURE TO KEEP HIS ADDRESS UPDATED WITH THE COURT OR FAILIURE TO PURSUE THIS LITIGATION MAY RESULT IN SANCTIONS BEING IMPOSED PURSUANT TO FED. R. CIV. P. 37 & 41, INCLUDING DISMISSAL OF THE CASE.**" (*Id.*)

On September 20, 2024, Plaintiff filed a letter motion requesting (1) an extension of time to respond to the order to show cause, and (2) copies of all pertinent documents. (Dkt. No. 28.)

On September 24, 2024, the Court extended the deadline for Plaintiff to respond to the order to show cause until November 29, 2024, and directed the Clerk of the Court to provide Plaintiff with copies of (1) the docket sheet, (2) the Decision and Order dated December 15, 2023, and (3) the letter from the Tioga County Sheriff filed on December 13, 2023. (Dkt. No. 29.) Plaintiff was cautioned that "**FAILURE TO FULLY COMPLY WITH THIS ORDER WILL RESULT IN THE ISSUANCE OF A REPORT AND RECOMMENDATION TO**

6

**THE ASSIGNED DISTRICT JUDGE THAT THIS MATTER BE DISMISSED. PLAINTIFF IS ALSO ADVISED THAT FAILURE TO COMPLY WITH COURT ORDERS OR FAILURE TO KEEP HIS ADDRESS UPDATED WITH THE COURT OR FAILIURE TO PURSUE THIS LITIGATION MAY RESULT IN SANCTIONS BEING IMPOSED PURSUANT TO FED. R. CIV. P. 37 & 41, INCLUDING DISMISSAL OF THE CASE.**" (*Id.*)

On October 22, 2024, Plaintiff filed a letter motion requesting a thirty-day extension of time of the deadline for him to respond to the order to show cause. (Dkt. No. 30.)

On October 23, 2024, the undersigned granted Plaintiff's request and extended the deadline for him to respond to the order to show cause until December 30, 2024. (Dkt. No. 31.) Plaintiff was cautioned that "**FAILURE TO FULLY COMPLY WITH THIS ORDER WILL RESULT IN THE ISSUANCE OF A REPORT AND RECOMMENDATION TO THE ASSIGNED DISTRICT JUDGE THAT THIS MATTER BE DISMISSED. PLAINTIFF IS ALSO ADVISED THAT FAILURE TO COMPLY WITH COURT ORDERS OR FAILURE TO KEEP HIS ADDRESS UPDATED WITH THE COURT OR FAILIURE TO PURSUE THIS LITIGATION MAY RESULT IN SANCTIONS BEING IMPOSED PURSUANT TO FED. R. CIV. P. 37 & 41, INCLUDING DISMISSAL OF THE CASE.**" (*Id.*)

On November 4, 2024, Plaintiff filed an inmate account statement which reflected Plaintiff's inmate account balance from August 1, 2024, until August 30, 2024, at Mohawk Correctional Facility. (Dkt. No. 32.)

On December 12, 2024, Plaintiff filed a letter motion seeking an extension of time for him to respond to the order to show cause. (Dkt. No. 33.)

7

On December 13, 2024, the undersigned granted Plaintiff's motion and extended the deadline for him to respond to the order to show cause until February 3, 2025.  (Dkt. No. 34.)  Plaintiff was cautioned that "**FAILURE TO FULLY COMPLY WITH THIS COURT ORDER WILL RESULT IN THE ISSUANCE OF A REPORT AND RECOMMENDATION TO THE ASSIGNED DISTRICT JUDGE THAT THIS MATTER BE DISMISSED.  PLAINTIFF IS ALSO ADVISED THAT FAILURE TO COMPLY WITH COURT ORDERS OR FAILURE TO KEEP HIS ADDRESS UPDATED WITH THE COURT OR FAILIURE TO PURSUE THIS LITIGATION MAY RESULT IN SANCTIONS BEING IMPOSED PURSUANT TO FED. R. CIV. P. 37 & 41, INCLUDING DISMISSAL OF THE CASE.**"  (*Id*.)

On February 18, 2025, the undersigned noted that Plaintiff failed to comply with multiple court orders and the deadline to respond to the order to show cause expired.  (Dkt. No. 35.)  Plaintiff was directed to comply with all previously issued orders on or before March 18, 2025.  (*Id*.)  Plaintiff was cautioned that "**FAILURE TO FULLY COMPLY WITH THIS COURT ORDER WILL RESULT IN THE ISSUANCE OF A REPORT AND RECOMMENDATION TO THE ASSIGNED DISTRICT JUDGE THAT THIS MATTER BE DISMISSED.  PLAINTIFF IS ALSO ADVISED THAT FAILURE TO COMPLY WITH COURT ORDERS OR FAILURE TO PROPERLY COMMENCE THIS ACTION OR FAILURE TO KEEP HIS ADDRESS UPDATED WITH THE COURT OR FAILIURE TO PURSUE THIS LITIGATION MAY RESULT IN SANCTIONS BEING IMPOSED PURSUANT TO FED. R. CIV. P. 37 & 41, INCLUDING DISMISSAL OF THE CASE.**"  (*Id*.)

On March 20, 2025, the undersigned noted that Plaintiff failed to comply with multiple court orders and the deadline to respond to the order to show cause expired. (Dkt. No. 36.) Plaintiff was directed to comply with all previously issued orders on or before April 21, 2025. (*Id*.) Plaintiff was cautioned that "**FAILURE TO FULLY COMPLY WITH THIS COURT ORDER WILL RESULT IN THE ISSUANCE OF A REPORT AND RECOMMENDATION TO THE ASSIGNED DISTRICT JUDGE THAT THIS MATTER BE DISMISSED. PLAINTIFF IS ALSO ADVISED THAT FAILURE TO COMPLY WITH COURT ORDERS OR FAILURE TO PROPERLY COMMENCE THIS ACTION OR FAILURE TO KEEP HIS ADDRESS UPDATED WITH THE COURT OR FAILIURE TO PURSUE THIS LITIGATION MAY RESULT IN SANCTIONS BEING IMPOSED PURSUANT TO FED. R. CIV. P. 37 & 41, INCLUDING DISMISSAL OF THE CASE.**" (*Id*.)

Despite the passage of more than eight months since the issuance of the Court's order to show cause dated September 10, 2024, Plaintiff has failed to file a response. (*See generally* docket sheet.)

## III.   DISCUSSION

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $405, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to grant IFP status if it determines that the plaintiff is unable to pay the required fee. 28 U.S.C. § 1915(a)(1). Pursuant to 28 U.S.C. § 1915, where a plaintiff seeks leave to proceed IFP, the court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying the required filing fee. 28 U.S.C. § 1915(a)(1).

9

In this instance, due to Plaintiff's failure to provide complete information concerning his finances, the Court is unable to make any meaningful assessment of his financial status and determine whether he qualifies for leave to proceed without prepayment of fees. Having failed to comply with this Court's order to show cause dated September 10, 2024, I now recommend that Plaintiff's Complaint be dismissed for failure to pay the required filing fee or to obtain leave to proceed IFP. *See, e.g., Walker v. Vill. Ct.*, 17-CV-0390, 2017 WL 4220415, at *2 (N.D.N.Y. Aug. 4, 2017) (Peebles, M.J.) (citing *Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013)) (recommending dismissal of the plaintiff's complaint where he failed to either pay the required filing fee or demonstrate that he qualifies for leave to proceed without prepayment of fees), *report and recommendation adopted by*, 2017 WL 4221069 (N.D.N.Y. Sept. 20, 2017) (Hurd, J.).

In the alternative, I recommend that Plaintiff's Complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court.[1] Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. adopting report and recommendation by Lowe, M.J.). That discretion should be

---

[1] Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'" *Rodriguez v. Goord*, 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J.) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Indeed, the local rules of this Court recognize this authority and mandate that the Court exercise it under certain circumstances. *See, e.g.*, N.D.N.Y. L.R. 41.2(a).

exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). In addition, it should be exercised with caution and restraint because dismissal is a particularly harsh remedy, especially when invoked against a *pro se* plaintiff. *Baptiste*, 768 F.3d at 216-17.

A determination of whether to dismiss an action pursuant to Rule 41(b) is informed by consideration of the following five specific factors: (1) the duration of the plaintiff's failure to comply with court orders; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in a fair chance to be heard; and (5) whether the imposition of sanctions less drastic than dismissal is appropriate. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)); *see also Shannon v. Gen. Elec.Co.*,186 F.3d 186, 193-94 (2d Cir. 1999).

Pursuant to N.D.N.Y. Local Rule 41.2(a), "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a).

Based upon careful consideration of the foregoing relevant factors, I conclude that dismissal of Plaintiff's Complaint at this juncture is warranted. Plaintiff's failure to proceed in this action has a substantial injurious effect on the litigation, and there is no end to Plaintiff's inaction in sight. Although this action was commenced over one year and six months ago, the Court has been unable to conduct an initial review pursuant to 28 U.S.C. § 1915 because of

Plaintiff's apparent dishonesty.[2]  In addition, Plaintiff has failed to comply with numerous requests from the Court to provide certified account statements that reflect the balance of his account for the six-month period immediately preceding the filing of this action.  (*See generally* docket sheet.)

Plaintiff was warned on at least ten different occasions that his failure to comply may result in dismissal of the action.  (Dkt. Nos. 14, 16, 22, 25, 27, 29, 31, 34, 35, 36.)

The last contact that Plaintiff had with the Court was more than four months ago, on December 12, 2024.  (Dkt. No. 33.)  This is presumptive evidence of lack of prosecution pursuant to N.D.N.Y. L.R. 41.2(a).

I have considered whether the imposition of sanctions less drastic than dismissal would be appropriate and deem that any other sanction would not be appropriate under the circumstances.

**ACCORDINGLY**, it is respectfully

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this report and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[3]

---

[2]  Plaintiff presented an IFP application that purported to be signed by an official with the Tioga County Jail but was not signed by any Tioga County Sheriff's Department official. (*Compare* Dkt. No. 2 at 2, *with* Dkt. No. 5.)

[3]  The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

12

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[4] Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: May 28, 2025
       Binghamton, New York

_____
Miroslav Lovric
U.S. Magistrate Judge

---

[4] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

2007 WL 4246443
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Jose RODRIGUEZ, Plaintiff,
v.
Glen S. GOORD, et al, Defendants.

No. 9:04-CV-0358 (FJS/GHL).
|
Nov. 27, 2007.

**Attorneys and Law Firms**

Jose Rodriguez, Willard, NY, pro se.

Andrew M. Cuomo, Attorney General of the State of New York, David L. Cochran, Esq., Assistant Attorney General, of Counsel, Albany, NY, for Defendants.

*DECISION AND ORDER*

FREDERICK J. SCULLIN, Senior District Judge.

**\*1** The above-captioned matter having been presented to me by the Report-Recommendation of Magistrate Judge George H. Lowe filed November 6, 2007, and the Court having reviewed the Report-Recommendation and the entire file in this matter, and no objections to said Report-Recommendation having been filed, the Court hereby

**ORDERS,** that Magistrate Judge Lowe's November 6, 2007 Report-Recommendation is **ACCEPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS,** that Defendants' motion, pursuant to Local Rule 41.2(b), to dismiss for Plaintiff's failure to provide notice to the Court of a change of address, is **GRANTED;** and the Court further

**ORDERS,** that the Clerk of the Court enter judgment in favor of the Defendants and close this case.

**IT IS SO ORDERED.**

*REPORT-RECOMMENDATION*

GEORGE H. LOWE, United States Magistrate Judge.

This *pro se* prisoner civil rights action, filed pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Frederick J. Scullin, Jr., Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local Rules of Practice for this Court. Generally, Jose Rodriguez ("Plaintiff") alleges that, while he was an inmate at Oneida Correctional Facility in 2003 and 2004, ten employees of the New York State Department of Correctional Services ("Defendants") were deliberately indifferent to his serious medical needs, and subjected him to cruel and unusual prison conditions, in violation of the Eighth Amendment. (Dkt. No. 27 [Plf .'s Am. Compl.].) Currently pending is Defendants' motion to dismiss for failure to provide notice to the Court of a change of address, pursuant to Local Rule 41.2(b) of the Local Rules of Practice for this Court. (Dkt. No. 86.) Plaintiff has not opposed the motion, despite having been given more than six weeks in which to do so. Under the circumstances, I recommend that (1) Defendants' motion to dismiss be granted, and (2) in the alternative, the Court exercise its inherent authority to *sua sponte* dismiss Plaintiff's Amended Complaint for failure to prosecute and/or failure to comply with an Order of the Court.

**I. DEFENDANTS' MOTION TO DISMISS**
Under the Local Rules of Practice for this Court, Plaintiff has effectively "consented" to the granting of Defendants' motion to dismiss, since (1) he failed to oppose the motion, (2) the motion was properly filed, and (3) Defendants have, through the motion, met their burden of demonstrating entitlement to the relief requested in the motion. L.R. 7.1(b)(3).

In particular, with regard to this last factor (i.e., that Defendants have met their burden of demonstrating entitlement to the relief requested), Defendants argue that their motion to dismiss should be granted because (1) Local Rule 41.2(b) provides that "[f]ailure to notify the Court of a change of address in accordance with [Local Rule] 10.1(b) may result in the dismissal of any pending action," (2) on April 15, 2004, Plaintiff was specifically advised of this rule when (through Dkt. No. 5, at 4) the Court advised Plaintiff that "his failure to [promptly notify the Clerk's Office and all parties or their counsel of any change in his address] will result in the dismissal of his action," (3) on May 22,

2007, Plaintiff was released from the Willard Drug Treatment Center, (4) since that time, Plaintiff has failed to provide notice to the Court (or Defendants) of his new address, as required by Local Rule 10.1(b)(2), and (5) as a result of this failure, Defendants have been prejudiced in that they have been unable to contact Plaintiff in connection with this litigation (e.g., in order to depose him, as authorized by the Court on May 4, 2007). (Dkt. No. 86, Part 4, at 1-2 [Defs.' Mem. of Law].)

**\*2** Authority exists suggesting that an inquiry into the third factor (i.e., whether a movant has met its "burden to demonstrate entitlement" to dismissal under Local Rule 7.1[b][3] ) is a more limited endeavor than a review of a contested motion to dismiss. [1] Specifically, under such an analysis, the movant's burden of persuasion is lightened such that, in order to succeed, his motion need only be "facially meritorious." [2] Given that Defendants accurately cite the law and facts in their memorandum of law, I find that they have met their lightened burden on their unopposed motion. Moreover, I am confident that I would reach the same conclusion even if their motion were contested.

For these reasons, I recommend that the Court grant Defendants' motion to dismiss.

## II. *SUA SPONTE* DISMISSAL

Even if Defendants have not met their burden on their motion to dismiss, the Court possesses the inherent authority to dismiss Plaintiff's Amended Complaint *sua sponte* under the circumstances. Rule 41 of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a proceeding for (1) failure to prosecute the action and/or (2) failure to comply with the Federal Rules of Civil Procedure or an Order of the Court. Fed.R.Civ.P. 41(b). [3] However, it has long been recognized that, despite Rule 41 (which speaks only of a *motion* to dismiss on the referenced grounds, and not a *sua sponte* order of dismissal on those grounds), courts retain the "inherent power" to *sua sponte* "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *see also Saylor v. Bastedo,* 623 F.2d 230, 238 (2d Cir.1980); *Theilmann v. Rutland Hospital, Inc.,* 455 F.2d 853, 855 (2d Cir.1972). Indeed, Local Rule 41.2(a) not only recognizes this authority but *requires* that it be exercised in appropriate circumstances. *See* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge *shall* order it dismissed.") [emphasis added].

### A. Failure to Prosecute

With regard to the first ground for dismissal (a failure to prosecute the action), it is within the trial judge's sound discretion to dismiss for want of prosecution. [4] The Second Circuit has identified five factors that it considers when reviewing a district court's order to dismiss an action for failure to prosecute:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions. [5]

**\*3** As a general rule, no single one of these five factors is dispositive. [6] However, I note that, with regard to the first factor, Rule 41.2 of the Local Rules of Practice for this Court provides that a "plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a). In addition, I note that a party's failure to keep the Clerk's Office apprised of his or her current address may also constitute grounds for dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. [7]

Here, I find that, under the circumstances, the above-described factors weigh in favor of dismissal. The duration of Plaintiff's failure is some six-and-a-half months, i.e., since April 22, 2007, the date of the last document that Plaintiff attempted to file with the Court (Dkt. No. 85). Plaintiff received adequate notice (e.g., through the Court's above-referenced Order of April 15, 2004, and Defendants' motion to dismiss) that his failure to litigate this action (e.g., through providing a current address) would result in dismissal. Defendants are likely to be prejudiced by further delays in this proceeding, since they have been waiting to take Plaintiff's deposition since May 4, 2007. (Dkt. No. 84.) I find that the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this action. [8] Finally, I have considered all less-drastic sanctions and rejected them, largely because they would be futile under the circumstances (e.g., an Order

warning or chastising Plaintiff may very well not reach him, due to his failure to provide a current address).

### B. Failure to Comply with Order of Court

With regard to the second ground for dismissal (a failure to comply with an Order of the Court), the legal standard governing such a dismissal is very similar to the legal standard governing a dismissal for failure to prosecute. "Dismissal ... for failure to comply with an order of the court is a matter committed to the discretion of the district court." [9] The correctness of a dismissal for failure to comply with an order of the court is determined in light of five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. [10]

Here, I find that, under the circumstances, the above-described factors weigh in favor of dismissal for the same reasons as described above in Part II.A. of this Report-Recommendation. I note that the Order that Plaintiff has violated is the Court's Order of April 15, 2004, wherein the Court ordered Plaintiff, *inter alia,* to keep the Clerk's Office apprised of his current address. (Dkt. No. 5, at 4.) Specifically, the Court advised plaintiff that *"[p]laintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do same will result in the dismissal of this action."* (*Id.*) I note also that, on numerous previous occasions in this action, Plaintiff violated this Order, resulting in delays in the action. (*See* Dkt. Nos. 47, 48, 49, 50, 54, 59, 72, 78, 79 & Dkt. Entry for 12/15/06 [indicating that mail from the Court to Plaintiff was returned as undeliverable].)

*4 As a result, I recommend that, should the Court decide to deny Defendants' motion to dismiss, the Court exercise its authority to dismiss Plaintiff's Amended Complaint *sua sponte* for failure to prosecute and/or failure to comply with an Order of the Court.

**ACCORDINGLY,** for the reasons stated above, it is

**RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 86) be **GRANTED%;** and it is further

**RECOMMENDED** that, in the alternative, the Court exercise its inherent authority to **SUA SPONTE DISMISS** Plaintiff's Amended Complaint for failure to prosecute and/or failure to comply with an Order of the Court.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Sec'y of Health and Human Servs.,* 892 F.2d 15 [2d Cir.1989] ); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e)..

**All Citations**

Not Reported in F.Supp.2d, 2007 WL 4246443

---

### Footnotes

1      *See, e.g., Hernandez v. Nash,* 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8, 2003 WL 22143709 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before an unopposed motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially meritorious* ") [emphasis added; citations omitted]; *Race Safe Sys. v. Indy Racing League,* 251 F.Supp.2d 1106, 1109-10 (N.D.N.Y.2003) (Munson, J.) (reviewing whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3] ); *see also Wilmer v. Torian,* 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule 7.1 [b][3], but recommending dismissal because of plaintiff's failure to

respond to motion to dismiss *and* the reasons set forth in defendants' motion papers), *adopted by* 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord, Carter v. Superintendent Montello,* 95-CV-0989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F.Supp. 595 (N.D.N.Y.1996) (Pooler, J.).

2   *See, e.g., Hernandez,* 2003 U.S. Dist. LEXIS 1625 at *8.

3   Fed.R.Civ.P. 41(b) (providing, in pertinent part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant").

4   *See Merker v. Rice,* 649 F.2d 171, 173 (2d Cir.1981).

5   *See Shannon v. GE Co.,* 186 F.3d 186, 193 (2d Cir.1999) (affirming Rule 41[b] dismissal of plaintiff's claims by U.S. District Court for Northern District of New York based on plaintiff's failure to prosecute the action) [citation and internal quotation marks omitted].

6   *See Nita v. Conn. Dep't of Env. Protection,* 16 F.3d 482 (2d Cir.1994).

7   *See, e.g., Robinson v. Middaugh,* 95-CV-0836, 1997 U.S. Dist. LEXIS 13929, at *2-3, 1997 WL 567961 (N.D.N.Y. Sept. 11, 1997) (Pooler, J.) (dismissing action under Fed.R.Civ.P. 41[b] where plaintiff failed to inform the Clerk of his change of address despite having been previously ordered by Court to keep the Clerk advised of such a change); *see also* N.D.N.Y. L.R. 41.2(b) ("Failure to notify the Court of a change of address in accordance with [Local Rule] 10.1(b) may result in the dismissal of any pending action.").

8   It is cases like this one that delay the resolution of other cases, and that contribute to the Second Circuit's dubious distinction as having (among the twelve circuits, including the D.C. Circuit) the longest median time to disposition for prisoner civil rights cases, between 2000 and 2005 (9.8 months, as compared to a national average of 5.7 months). Simply stated, I am unable to afford Plaintiff with further special solicitude without impermissibly burdening the Court and unfairly tipping the scales of justice against Defendant.

9   *Alvarez v. Simmons Market Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir.1988) [citations omitted].

10   *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996) [citations omitted].

---

**End of Document**                                                                 © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Case 3:23-cv-01459-AJB-ML   Document 37   Filed 05/28/25   Page 18 of 20

Walker v. Village Court, Not Reported in Fed. Supp. (2017)
2017 WL 4220415

2017 WL 4220415
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Alfred Marion WALKER, Plaintiff,
v.
VILLAGE COURT, et al., Defendants.

Civil Action No. 3:17-CV-0390 (DNH/DEP)
|
Signed 08/04/2017

**Attorneys and Law Firms**

ALFRED MARION WALKER, c/o 60 Saratoga Avenue, Apartment 114, Binghamton, NY 13901, Pro se.

REPORT AND RECOMMENDATION

David E. Peebles, U.S. Magistrate Judge

 *1  Plaintiff Alfred Marion Walker, who is proceeding *pro se*, has commenced this action against the State of New York and various agencies and individuals associated with Broome County and/or the City of Endicott, New York. Despite ample notice of the requirement that he either pay a statutory filing fee or submit a properly supported application for leave to proceed *in forma pauperis*, he has failed to do either. Accordingly, I recommend that plaintiff's complaint be dismissed.

I. BACKGROUND
Plaintiff commenced this action on April 6, 2017. Dkt. No. 1. Plaintiff's complaint names the State of New York and sixteen other defendants of varying descriptions as defendants, and sets forth five enumerated causes of action for trespass or "trespass on the case." *See generally id.* Upon receiving plaintiff's complaint, District Judge David N. Hurd issued an order on April 11, 2017, directing administrative closure of the case in light of plaintiff's failure to pay the requisite statutory filing fee or file an application to proceed in the action *in forma pauperis* ("IFP"). Dkt. No. 3.

Plaintiff thereafter submitted to the court a document entitled "Writ Re: Amended Action And Application for In forma pauperis" and "Writ of Error Qua Corum Nobis Residant." Dkt. No. 4. That document, as well as plaintiff's complaint, were referred to me for review. Based upon that review, I issued an order on May 10, 2017, denying plaintiff's IFP application, without prejudice, and requiring plaintiff to either pay the statutory filing fee of $400.00 or submit a proper application for leave to proceed without prepayment of fees on or before June 2, 2107. Dkt. No. 6. Despite the passage of that deadline, plaintiff has taken no further action in this case.

II. DISCUSSION
Upon commencement of an action in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). [1]

Notwithstanding the reference in the document's title to "Application for In Forma pauperis," plaintiff's most recent submission fails to contain any information concerning his financial status. *See generally* Dkt. No. 4. Instead, plaintiff insists that courts lack the authority to require payment of filing fees for court access, citing *Crandall v. State of Nevada*, 73 U.S. 35 (1867). *Id.* at 2. That case, however, does not so hold, and Congress has specifically authorized district courts to require payment of filing fees in order to commence actions. *See* 28 U.S.C. § 1914(a) ("The clerk of each district court *shall require* the parties instituting any civil action ... to pay a filing fee[.]" (emphasis added)). As was noted above, district courts do retain the discretion, upon a proper showing, to excuse the payment of the filing fee and grant IFP status to a plaintiff. 28 U.S.C. § 1915(a)(1); *see Fridman*, 195 F. Supp. 2d at 536 & n.1. In this instance, however, due to plaintiff's failure to provide any information concerning his finances, the court is unable to make any meaningful assessment of his financial status and determine whether he qualifies for leave to proceed without prepayment of fees.

 *2  Having failed to comply with this court's May 10, 2017 order, I now recommend that plaintiff's complaint be dismissed for failure to pay the required filing fee or to obtain leave to proceed IFP. *See, e.g., Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013).

III. SUMMARY AND RECOMMENDATION
Despite being placed on notice of the court's requirements, plaintiff has failed to either pay the required filing fee in this case or to demonstrate that he qualifies for leave to proceed without prepayment of fees. Accordingly, it is hereby

Case 3:23-cv-01459-AJB-ML   Document 37   Filed 05/28/25   Page 19 of 20
Walker v. Village Court, Not Reported in Fed. Supp. (2017)
2017 WL 4220415

RECOMMENDED that plaintiff's complaint in this action be DISMISSED without prejudice.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[2] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

**All Citations**

Not Reported in Fed. Supp., 2017 WL 4220415

---

**Footnotes**

1   The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

2   If you are proceeding *pro se* and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

---

**End of Document**  © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Case 3:23-cv-01459-AJB-ML   Document 37   Filed 05/28/25   Page 20 of 20

Walker v. Court, Not Reported in Fed. Supp. (2017)

2017 WL 4221069
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Alfred Marion WALKER, Plaintiff,
v.
Village COURT; the State of New York; Village of Endicott; Endicott Police Department; Officer Dunham, Badge # 470; Officer J Wanka, Badge # 478; Captain Collins; Judge Alfonso Ortega; David Stokes; Karen Micalizzi Tautero; C.O. Zachary Moor; Sgt Bixby, C.O.; C.O. Rick Borchardt; C.O. Dennis Rowd; C.O. Sean Bell; Broome County Jail; and Broome County, Defendants.

3:17-CV-390 (DNH/DEP)
|
Signed 09/20/2017

**Attorneys and Law Firms**

ALFRED MARION WALKER, c/o 60 Saratoga Avenue, Apartment 114, Binghamton, NY 13901, Plaintiff pro se.

### DECISION and ORDER

DAVID N. HURD, United States District Judge

 **\*1** Pro se plaintiff Alfred Marion Walker brought this action against various state and local agencies and employees. On August 4, 2017, the Honorable David E. Peebles, United States Magistrate Judge, advised by Report-Recommendation that plaintiff's complaint be dismissed for failing to pay either a statutory filing fee or submit a properly supported application for leave to proceed in forma pauperis, despite multiple opportunities to do so and advisement of same. No objections to the Report-Recommendation have been filed.

Based upon a careful review of the entire file and the recommendations of the Magistrate Judge, the Report-Recommendation is accepted in whole. See 28 U.S.C. § 636(b)(1).

Therefore, it is

ORDERED that

1. This action is DISMISSED without prejudice; and

2. The Clerk is directed to enter judgment accordingly and close the file.

IT IS SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2017 WL 4221069

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.