UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALAN HOLMES,

                Plaintiff,

        -v-                                 3:23-CV-1459 (AJB/ML)

OXFORD CITY POLICE
DEPARTMENT *et al.*,

                Defendant.
_____

**APPEARANCES:**                            **OF COUNSEL:**

ALAN HOLMES
Plaintiff, Pro Se
24-B-1210
Mohawk Correctional Facility
Walsh Regional Medical Unit
6514 Route 26, P.O. Box 8451
Rome, NY 13442

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On November 21, 2023, *pro se* plaintiff Alan Holmes ("plaintiff"), an individual formerly in the custody of the Tioga County Jail in Owego, New York, filed this 42 U.S.C. § 1983 action alleging that state and local law enforcement officials violated his constitutional rights during a traffic stop. Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 3. The matter was initially assigned to Senior U.S. District Judge Thomas J. McAvoy, who referred plaintiff's complaint to the magistrate judge for an initial review.

On November 29, 2023, U.S. Magistrate Judge Miroslav Lovric reviewed plaintiff's IFP Application and concluded that the "certificate" portion of the IFP Application—which must be completed by an official at the "institution of incarceration"—looked "suspiciously similar" to plaintiff's own handwriting.  Dkt. No. 4.  Accordingly, Judge Lovric ordered the Tioga County Sheriff to submit a letter confirming whether or not one of his jail officials signed and certified plaintiff's IFP Application.  *Id*.  The Tioga County Sheriff responded with a short letter in which he stated that one of his jail officials did *not* sign the IFP Application.  Dkt. No. 5.

On December 15, 2023, after considering the Tioga County Sheriff's letter, Judge Lovric denied plaintiff's IFP Application.  Dkt. No. 6.  Judge Lovric gave plaintiff thirty days' leave in which to either pay the filing fee or submit a completed IFP Application.  *Id*.  At that time, Judge Lovric cautioned plaintiff that his failure to timely comply with these requirements would result in the dismissal of this action.  *Id*.

Thereafter, plaintiff filed a series of incomplete or deficient IFP Applications, Dkt. Nos. 7–8, 12, 15, 23, which were reviewed and then denied by Judge Lovric, Dkt. Nos. 9, 13, 16, 25.  Judge Lovric repeatedly explained to plaintiff exactly what he must submit or correct in order to comply with his orders and warned him that his failure to fully comply would result in dismissal of this action.  Dkt. Nos. 22, 25, 27, 29, 31, 34, 35, 36.  Plaintiff repeatedly sought and received more time in which to comply.  Dkt. Nos. 28, 30, 33.  But to date, plaintiff has failed to comply with the directions set forth in Judge Lovric's initial December 15, 2023 Order.

On May 28, 2025, Judge Lovric advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed.  Dkt. No. 37.  Plaintiff has not lodged objections.  Instead, plaintiff has filed a document that appears to be another incomplete attempt to submit an IFP

Application.  Dkt. No. 38.  The matter has recently been reassigned to this Court for all further proceedings.  Dkt. No. 39.

Upon review for clear error, the R&R will be accepted and adopted.  *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1.  The Report & Recommendation (Dkt. No. 37) is ACCEPTED; and

2.  Plaintiff's complaint (Dkt. No. 1) is DISMISSED without prejudice.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated:  June 20, 2025
         Utica, New York.

Anthony J. Brindisi
U.S. District Judge